THE STATE at Relation and To Use of MISSOURI PACIFIC RAILROAD COMPANY v. VITAL W. GARESCHE, Judge.

In Banc, March 29, 1918.

1. **PUBLIC SERVICE COMMISSION: Order to Bring Suit: Notice.** A railroad company is not entitled to notice and a hearing upon the question of whether the Public Service Commission should direct its counsel to bring suit to compel the company to obey the law as to furnishing cars to shippers who have made application for them.

    *Held,* by BOND, J., dissenting, that no valid order prejudicial to the rights of the railroad company could be made by the Commission without a hearing or an opportunity to be heard.

2. ——: ——: **Temporary Injunction.** Section 64 of the Public Service Act furnishes a system excluding the issuance of restraining orders and temporary injunction. When a petition is filed with the circuit court on behalf of the Public Service Commission asking that a railroad company be compelled by judgment of the court to obey the law requiring cars to be furnished to shippers on application, the court has no authority to issue a restraining order or to order the company to appear and show cause why a temporary injunction or writ of mandamus should not issue as prayed.

    *Held,* by BOND, J., dissenting, that it was not intended by Section 64 of the Public Service Act to abrogate the rules of procedure prescribed by the civil code for the conduct of suits, nor does such section deprive the circuit courts of their lawful powers and jurisdictions in suits seeking relief by the remedies of injunction and mandamus by it granted.

Prohibition.

WRIT GRANTED.

*Edward J. White, H. H. Larimore* and *J. F. Green* for relator.

(1) Section 64 of the Public Service Commission law of Missouri does not authorize the commission to institute a suit to enforce an order of the commission until there has been a hearing by the commission. (2) If said section authorizes the proceeding instituted before respondent, then it is unconstitutional and void and an attempted taking of the railway company's property without due process of law. Sec. 30, art. 2, Mo. Constitution; Sec. 1, Fourteenth Amendment, U. S. Constitution; Georgia Central v. Railroad Comm., 215 Fed. 421; Feess v. Bank, 115 Pac. 565; Sayers v. Railroad, 97 Atl. 660; State ex rel. v. Railroad Comm., 224 U. S. 510; State ex rel. v. Railway Co., 67 So. 907. (3) Prohibition will lie to prevent exercise of unauthorized power, even in a case where the inferior court has jurisdiction of the subject-matter of the action. State ex rel. v. Reynolds, 209 Mo. 178; Railroad v. Wear, 135 Mo. 256; State ex rel. v. Scarritt, 128 Mo. 338; High on Extraordinary Legal Remedies, sec. 389; Thomas v. Mead, 36 Mo. 246; State ex rel. v. Seehorn, 246 Mo. 585; State ex rel. v. Fort, 210 Mo. 525. (4) The issuance of a temporary injunction by respondent, without the requirement of a bond, was unauthorized. State ex rel. v. Williams, 221 Mo. 227; State ex rel. v. Eby, 170 Mo. 518; State ex rel. v. Ford, 251 Mo. 51. (5) The respondent had no power to issue a preliminary order in mandamus. Pub. Serv. Com. v. Railroad, 158 N. Y. Supp. 480.

*Alex. Z. Patterson* and *James D. Lindsay* for respondent; *Joseph T. Davis,* of counsel.

(1) Under section 64 of the Public Service Commission Act, the Commission is authorized to prosecute a suit against a railroad company to prevent the company from doing, or to compel it to cease failing to do things contrary to and in violation of the law by injunction or by a writ of mandamus, or both. (2) The

Legislature in using in said section 64 the words "injunction" and "mandamus," used the same in their usual and ordinary sense, and as they are used elsewhere in the statutes. Art. 7, and Art. 9, Chap. 22, R. S. 1909. (3) The provisions of the Public Service Commission Act show that there are two methods pointed out whereby the Public Service Commission as the administrative agency of the State may require public service corporations to perform their corporate duties or to cease from violating the same. One method consists in an inquiry held by the Commission upon complaint or upon its own motion, of which the offending corporation has due notice and an opportunity to be heard, resulting in an appropriate order made by the Commission. This order, if not reviewed or set aside by a court of competent jurisdiction, is binding, but obedience to the order, if resisted, can only be enforced through action in the courts. This action may be taken by the Commission in what is called a summary proceeding by a petition for injunction or mandamus for the enforcement of the order of the Commission. The other method is a suit brought directly and in the first instance by the Commission as the appropriate administrative agency of the State, setting up the specific allegations of violations of the law by the offending corporation, asking inquiry thereof by the court and praying for an appropriate remedy by injunction or mandamus. In the one, the facts constituting the ground of complaint are developed before the Commission and are reviewable by the court. In the other, the facts are developed in the first instance before the court. See Sections 43, 46, 47, 48, 49, 50, 51, 59, 63 and 64 concerning common carriers and the like sections in the other articles, and especially section 84 in the article on gas, electric and water corporations, and section 105 in article 5 on telegraph and telephone corporations, wherein like proceedings are prescribed against the last mentioned companies as are prescribed in section 64 against railroad companies. (4) The State is the real party in interest

in the suit, the principal, and the Public Service Commission merely an administrative agency of the State, and no bond is required in a suit so brought to warrant the issuance of process, injunctive or otherwise. Sec. 2522, R. S. 1909. (5) The order made by respondent was not a temporary injunction, but a restraining order, within the power of respondent to make. Sec. 2532, R. S. 1909. State ex rel. v. McQuillin, 260 Mo. 174; State v. Woodside, 254 Mo. 580. (6) A restraining order ceases to be operative at the expiration of the time fixed by its terms. 22 Cyc. 746; State v. Green, 48 Neb. 327, 67 N. W. 162; Water Co. v. Steamship Co., 101 Cal. 216, 35 Pac. 651. (7) The direction given to the circuit court by section 64 does not limit the general powers of that court nor change the character of the remedies of mandamus or injunction. The only direction is that the court shall not wait for the statutory or regular term, but shall fix an early specific date within which the defendants shall answer, and answer being made or default suffered, the court shall proceed at once to final hearing and judgment. (8) The individual citizen has always had the right to ask the court by mandamus or injunction in the full meaning of those terms to compel the public service corporation to render him the service it was organized to furnish. State ex rel. v. Tel. Co., 93 Mo. App. 349; State ex rel. v. Jones, 141 Mo. App. 299; State ex rel. v. Water Co., 249 Mo. 649. Has the State through its official administrative agency a right inferior to that of the individual citizen whom it undertakes to and is bound to represent?

BLAIR, J.—The Public Service Commission directed its counsel to institute suit against relator to compel it "to cease to omit and refuse, in violation of law, to furnish, upon application, cars for shipment of railroad ties" between designated points, "and to compel it to furnish cars" for like shipments. Suit was begun in the circuit court of the city of St. Louis and assigned to the division thereof over which respond-

ent presides.    Respondent issued a restraining order
and ordered defendant, relator herein, to appear ten
days later and show cause ''why a temporary injunction
or writ of mandamus should not issue as prayed for.''
Three days later service was had upon relator, and the
day following it applied here for a writ of prohibition,
and a preliminary rule was. issued.

I.   Under Section 64 (Laws 1913, p. 600) of the
Public Service Commission Act, the Commission is em-
powered, whenever it is of the opinion that a railroad
**Notice.** corporation is violating or about to violate, its
legal duty, to direct its counsel to institute a suit
to restrain such violation or compel compliance with the
law or valid order.   Relator's contention that it was
entitled to notice and a hearing upon the question
whether the Commission should direct a suit to be
brought under Section 64 is untenable. The order or di-
rection to counsel to bring suit decides nothing against
a defendant in such proceeding.   It is a direction to
counsel to appeal to the courts for correction of abuses
the Commission thinks exist.   Notice and hearing are
had in the court in which the suit is brought.   The cases
cited chiefly are such as involve orders imposing some
burden of themselves.   They are inapplicable.

II.   With regard to the proceedings in the circuit
court in a suit begun at the direction of the Commission
under Section 64, that section provides:

''The general counsel to the commission shall there-
upon begin such action or proceeding by a petition to
such court alleging the violation complained of and
praying for appropriate relief by way of mandamus or
injunction.   It shall thereupon be the duty of the court
to specify the time, not exceeding thirty days after serv-
ice of a copy of the petition, within which the common
carrier, railroad corporation or street railroad cor-
poration complained of must answer the petition.   In
case of default in answer or after answer, the court

shall immediately inquire into the facts and circumstances in such manner as the court shall direct without other or formal pleadings, and without respect to any technical requirement. Such other persons or corporations as the court shall deem necessary or proper to join as parties in order to make its order, judgment or writs effective, may be joined as parties upon application of the general counsel to the commission. The final judgment in any such action or proceeding shall either dismiss the action or proceeding, or direct that a writ of mandamus or an injunction, or both, issue as prayed for in the petition or in such modified or other form as the court may determine will afford appropriate relief.''

We think these provisions furnish a system excluding the issuance of restraining orders and temporary injunction. They prescribe procedure with considerable detail, defining the steps the court is to take in suits begun under the section. The design is to secure a decision on the merits as promptly as may be. Any other meaning often would permit the entire relief sought to be granted in such cases under the guise of restraining orders and temporary injunctions. In so far as the trial court exceeded or is about to exceed its jurisdiction in this respect, the preliminary rule is made absolute.

All concur, *Bond, J.*, in separate opinion.

BOND, J. (concurring)—The Public Service Commission, at a session of that body on July 9, 1917, made the following order:

''It appearing to the Commission that the Missouri Pacific Railway Company, a common carrier owning and operating lines of railway within the State of Missouri, is omitting and refusing and threatening to omit and refuse in violation of law to furnish cars upon application of shippers for the shipment of railroad ties from stations on its lines in this State to other points on its lines within this State, and particularly from points upon the St. Louis, Iron Mountain & Southern branch or

portion of the railway system of said Missouri Pacific Railway Company in Missouri to the city of St. Louis in the State of Missouri:

It is accordingly,

"ORDERED: 1. That the General Counsel and Assistant Counsel to the Commission be and they are hereby directed to forthwith institute on behalf of the Public Service Commission of Missouri in the name of the State of Missouri, such legal proceeding or proceedings as they shall deem expedient and necessary to compel the said Missouri Pacific Railway Company to cease to omit and refuse, in violation of the law, to furnish upon application, cars for the shipment of railroad ties from stations and points upon its lines in the State of Missouri, to other points and stations on its lines in the State of Missouri, and to compel the said Missouri Pacific Railway Company to furnish upon application, as required by law, cars for the shipment of railroad ties from stations and points on its lines within the State of Missouri, to other points and stations upon its lines in this State, as required by law.

"ORDERED: 2. That this order shall take effect on this date."

In compliance therewith a suit was brought in St. Louis in the name of the State upon the relation of the Public Service Commission, which alleged in substance that the Missouri Pacific Railway Company was a common carrier, whose line traversed certain portions of the State of Missouri, and as such was required by law, upon proper notice, to furnish to shippers sufficient and suitable cars for the transportation of property in carload lots. The petition then alleged that on July 14th and theretofore, it had information, direct and specific, of the "facts and circumstances of various and sundry shipments of railroad ties being offered to said defendant railroad company for transportation" from other points on its line to the city of St. Louis. The petition alleged that these shipments were refused by the railroad company after notice requiring it to furnish suit-

able cars for their transportation; that defendant rail-
road company refused to furnish said cars in violation
of the laws of Missouri; that the shipments in question
were carload lots; that the relator, the Public Service
Commission, "had knowledge of these facts in reference
to carload shipments," specifying the stations by name
where the same were offered to defendant railroad com-
pany and of the rule of said company refusing to ac-
cept such shipments to St. Louis when consigned to con-
signors.   The petition thereupon alleged, to-wit: "that
in pursuance of the above information and *facts present-
ed to the Public Service Commission* of the State of
Missouri" (italics ours), it issued an order directing
the institution of a suit "against said defendant
railroad company in the nature of a mandamus or in-
junction proceeding, praying the court to compel said
Missouri Pacific Railway Company to cease to omit and
refuse, in violation of the law, to furnish, upon applica-
tion, cars for the shipment of railroad ties" from and
to St. Louis and points on its lines in Missouri.   The
petition exhibited therewith the order for the institution
of the suit; alleged that the Public Service Commission
was without remedy, except by suit, and prayed for an
alternative writ of mandamus or restraining order
against the defendant railroad and for general relief.
Upon the filing of this verified petition an order was
made by the respondent circuit judge, on July 21, 1917,
requiring the defendant railroad to appear on July 30,
1917, in the division of the court presided over by him,
and show cause why a temporary injunction or writ of
mandamus should not be issued as prayed, and in the
meantime enjoining the railroad company from refus-
ing to accept shipments of ties consigned to consignors
in St. Louis, to which *ad interim* order the following
command was added:   "And the said defendant, its
agents and servants be and are hereby commanded to
receive ties for shipment and to furnish cars therefor
at any and all of the shipping points and regular stop-

274 Mo.—6.

ping places along its line or lines in the State of Missouri, until the further order of this court."

Upon the making of this order of the circuit court an application for prohibition was filed in this court alleging, as a ground therefor, the foregoing facts, coupled with further allegations to the effect that it was not shown in the petition filed by the Public Service Commission in the circuit court of St. Louis, nor was it the fact, that the defendant had any notice or opportunity to be heard when the Public Service Commission made its order above quoted and directed a suit to enforce the same; that neither did the relator railroad company have any information of the orders made in the circuit court on the petition filed therein on behalf of the Public Service Commission, for which, and other reasons, the defendant was without jurisdiction to make such order.

I agree with the result reached in the learned majority opinion that our preliminary writ of prohibition should be made absolute, but I do not agree to the grounds given for that conclusion. I do not think that Section 64 (Laws 1913, p. 600) of the Public Service Commission Act was intended to abrogate the rules of procedure prescribed by the civil code for the conduct of suits. The only purpose of that section was to authorize the Commission to invoke the remedies of "injunction" and "mandamus" as they were well-known and applied under our code of civil procedure. Nor is there anything in the language of Section 64 of the Public Service Commission Act which, in suits thereunder, deprives the circuit courts of their lawful powers and jurisdiction in suits seeking relief by "injunction" or "mandamus." That section of the statutes and also Section 113 of the same act, do make provision for a speedy hearing of suits to which the State and Commission may be parties; but those provisions for summary disposition do not go beyond their terms, and were not intended to alter or annul the general statutes of this State regulating the procedure and trial of civil cases. Their object is to accelerate, not to alter, the

administration of the law. And it is to record my dissent from the seemingly contrary view taken in the learned majority opinion that makes it necessary for me to file this concurring opinion, setting forth the true grounds on which I think our writ should be made absolute. These are: that it appears beyond dispute (nor is the contrary alleged in the petition filed in the circuit court) that the Commission *did make an order* wherein in terms and without any opportunity of the defendant to be heard thereat, it *decided* that said relator "was omitting and refusing . . . to furnish cars upon the application of shippers for the shipment of railroad ties," etc. It is quite elemental that no valid order of the Commission, prejudicial to the rights of the defendant, could be made without a hearing, or opportunity to be heard, on its part. This is conceded, and is established in the cases cited from many jurisdictions in the brief of the learned counsel for relator. The presentation of a petition to the circuit judge in St. Louis, from which it appeared that the suit therein filed was to enforce an order made *ex parte* and without any opportunity on the part of the defendant to be heard, showed on its face no power on the part of the Public Service Commission to make such order, and vested said circuit court with no jurisdiction to entertain such suit.

For that reason I think our writ should be made absolute.